## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**CONNIE BYTHER**                                                           **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.:** 5:23-cv-42-DCB-LGI

**WAL-MART ASSOCIATES, INC.**                                      **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Connie Byther, by any through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights pursuant to the Family and Medical Leave Act for Interference and Retaliation against the Defendant Wal-Mart Associates, Inc.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## PARTIES

1. Plaintiff, Connie Byther, is an adult female citizen of Lincoln County, Mississippi.

2. Defendant, Wal-Mart Associates, Inc., is a Delaware corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

3. This action arises under the Family and Medical Leave Act of 1993, as amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

**STATEMENT OF THE FACTS**

6. Plaintiff is a 37-year-old female resident of Lincoln County, Mississippi.

7. Plaintiff was hired on August 18, 2018, as an Overnight Team Lead at Wal-Mart Associates, Inc.

8. Wal-Mart has over 50 employees within a 75-mile radius of where Plaintiff was working.

9. During the year prior to her termination, Plaintiff had worked over 1,250 hours.

10. In early January 2023, Plaintiff called Sedgwick to request she be allowed to take leave to attend to her sick mother.

11. The Sedgwick representative told Plaintiff that she (Plaintiff) was eligible to take FMLA leave to attend to the medical care of her mother.

12. Beginning on January 15, 2023, Plaintiff began a leave of absence from work.

13. On or around January 18, 2023, Store Lead Korey Wagner phoned Plaintiff and demanded that Plaintiff come to work.

14. Although she was on leave, Plaintiff went to the store and met with Ms. Wagner.

15. During their conversation, Ms. Wagner talked to Plaintiff about moving her (Plaintiff) from night shift to working on day shift.

16. Then, Ms. Wagner instructed Plaintiff to perform some work duties.

17. Plaintiff reminded Ms. Wagner that she (Plaintiff) was on a leave of absence at that time, and she left work.

18. On January 23, 2023, Sedgwick sent documentation related to Plaintiff's leave of absence to Wal-Mart.

19. The documentation showed that Plaintiff was approved for the leave of absence from January 15-27, 2023, and that she should return to work on January 28, 2023.

20. On January 24, 2023, Store Lead Korey Wagner took Plaintiff out of the Wal-Mart system, effectively terminating her.

21. On January 25, 2023, Plaintiff phoned and spoke to Personnel Coordinator Debbie Duncan, who notified Plaintiff that she (Plaintiff) was terminated.

22. No reason was given for the termination.

23. On or around February 3, 2023, Plaintiff called the Mississippi Department of Employment Security (MDES) and was notified that she was denied Unemployment.

24. The MDES representative informed Plaintiff that Wal-Mart had alleged that she (Plaintiff) voluntarily resigned from her position.

25. Plaintiff adamantly denied this and appealed the decision with MDES.

## CAUSES OF ACTION

### COUNT I:   VIOLATION OF THE FMLA - INTERFERENCE

26. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 25.

27. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

28. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

29. The willful conduct of Defendant is evidenced by a willful and consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

30. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

### COUNT II:   VIOLATION OF THE FMLA - RETALIATION

31. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 30.

32. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

33. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

34. The willful conduct of Defendant is evidenced by a willful and consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.  As a result of this conduct, liquidated damages should be assessed against Defendant.

35. Plaintiff also seeks all other relief, at law or in equity, to which she may show

herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement; and
3. Tax gross-up with all make-whole relief;
4. Liquidated damages;
5. Lost Benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney fees and costs; and
8. Such other relief as the Court deems just and appropriate.

THIS the 5th day of May 2023.

Respectfully submitted,

CONNIE BYTHER, PLAINTIFF

By:   /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com