IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CONNIE BYTHER**                                                       **PLAINTIFF**

**v.**                            **CIVIL ACTION NO.: 5:23-cv-00042-DCB-LGI**

**WAL-MART ASSOCIATES, INC.**                          **DEFENDANT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* as a Motion to Dismiss Plaintiff's Complaint [1]. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice.

**I.**    **BACKGROUND**

On May 5, 2023, Plaintiff Connie Byther ("Plaintiff" or "Byther"), filed this action, alleging "violations of her rights pursuant to the Family and Medical Leave Act for Interference and Retaliation against Defendant Wal-Mart Associates." *See* Complaint, Doc. [1]. On June 9, 2023, Defendant Wal-Mart Associates, Inc. filed its Answer. On June 15, 2023, this Court set the Telephonic Case Management Conference for July 27, 2023. *See* Rule 16(a) Initial Order, Doc. [7]. On July 25, 2023, Plaintiff's counsel filed an Unopposed Motion to Withdraw as Attorney [9], citing "a conflict of interest" between counsel and Plaintiff. Doc. [9].

On July 26, 2023, the Court deferred ruling on the motion to withdraw, until counsel submitted a certificate of service and compliance, certifying that counsel had provided Plaintiff with a copy of her case file. *See* Order, Doc. [10]. Counsel filed their certification that same day. *See* Doc. [11]. The Court's Order [10] also directed Plaintiff to either retain new counsel or notify the Court of her intent to proceed *pro se*, within thirty days, by August 25, 2023. She did neither. On September 8, 2023, the Court entered an Order to Show Cause [13], ordering Plaintiff to show

1

cause, within thirty days, as to whether she had retained counsel, or advise if she intended to proceed *pro se*. The Court also warned Plaintiff that "failure to notify the Court within thirty (30) days may result in the dismissal of this case." *Id*. at 2. A copy of the order was mailed to Plaintiff's physical address and also sent to her email address. *Id*. Plaintiff has not responded to the Court's Order, and the time to do so has passed.

## II.    ANALYSIS

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action *sua sponte* to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Id*. Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

The Court warned Byther that it may dismiss this action without prejudice if she did not timely respond to the Show Cause Order. Byther did not respond. The undersigned therefore recommends dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey a Court order.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1]

2

be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 16th day of February, 2024.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE