```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

CONNIE BYTHER                                          PLAINTIFF

V.                       CIVIL ACTION NO. 5:23-cv-42-DCB-LGI

WAL-MART ASSOCIATES, INC.                              DEFENDANT

                ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Isaac's Report & Recommendation ("Report") [ECF No. 15], which recommends that this civil action be dismissed without prejudice for failure to prosecute and failure to obey the Court's Order [ECF No. 13]. The Report was entered on February 16, 2024, and objections to it were due March 1, 2024. No party has filed an objection, and the time to do so has elapsed.

Connie Byther ("Plaintiff") filed the present action on May 5, 2023, against Wal-Mart Associates ("Defendant"), alleging Family and Medical Leave Act violations. [ECF No. 1]. After Defendant filed their Answer but before the scheduled Telephonic Case Management Conference, Plaintiff's counsel filed an Unopposed Motion to Withdraw as Attorney because of a conflict of interest on July 25, 2023. [ECF No. 9]. After Counsel filed their Certificate of Service on July 26, 2023 [ECF No. 11], Judge Isaac entered an Order granting the Motion to Withdraw as Attorney. [ECF No. 12]. The Court further ordered Plaintiff to "(1) retain new

1

counsel to represent her in this case and new counsel shall file an entry of appearance; or (2) notify the Court in writing, with a copy to counsel for Defendant, that Plaintiff intends to proceed pro se in this case." Id. A copy of the Order was mailed to Plaintiff at her listed address on the docket, but Plaintiff failed to comply with the Order.

Judge Isaac subsequently entered an Order to Show Cause on September 8, 2023, ordering Plaintiff to "notify the Court, in writing, within thirty (30) days from the date of this Order as to whether she has retained counsel, or intends to proceed pro se." [ECF No. 13] at 1-2. The Court further informed Plaintiff that failure to comply with the Order to Show Cause "may result in the dismissal of this case." Id. at 2. A copy of the Order to Show Cause was mailed to Plaintiff at her listed address on the docket, but Plaintiff failed to timely respond.

Because of these facts, Judge Isaac recommends that the Court dismiss this action without prejudice. [ECF No. 15] at 2. Judge Isaac justifies her recommendation because Plaintiff was warned that her action may be dismissed without prejudice if she failed to timely respond and, despite this warning, Plaintiff has not taken any action in compliance with this Court's Orders.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of

2

it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Because Plaintiff failed to comply with Court Orders despite this Court's warning that the action may be dismissed, this case must be dismissed without prejudice for failure to prosecute.

After conducting a de novo review of the Report, the Court agrees with Judge Isaac's recommendation. Accordingly, IT IS HEREBY ORDERED that the Report [ECF No. 15] is ADOPTED.

IT IS FURTHER ORDERED that this civil action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and follow the Court's orders.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 11th day of March, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE